UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOAN VOLPI,

        Plaintiff,

    -against-

CENTER MORICHES UNION FREE SCHOOL
DISTRICT, RUSSELL J. STEWART, LYNDA
ADAMS, JOE MCHEFFEY, and EDWARD
CASWELL, (Sued in Their Official and
Individual capacaties pursuant to 42 U.S.C.
§ 1983),

        Defendants.
---------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 12-5441

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ MAR 24 2014 ★
LONG ISLAND OFFICE

APPEARANCES:

SCOTT MICHAEL MISHKIN, P.C.
By: Kyle T. Pulis, Esq.
One Suffolk Square Suite, Suite 240
Islandia, NY 11749
Attorneys for Plaintiff

SOKOLOFF STERN LLP
By: Steven C. Stern, Esq.
    Melissa L. Hotlzer, Esq.
    Kaitlyn R. McKenna, Esq.
179 Westbury Avenue
Carle Place, New York 11514
Attorneys for Defendants

WEXLER, District Judge:

      Plaintiff Joan Volpi ("Volpi" or "Plaintiff") brings this action claiming that she was discriminated as s result of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, ("ADEA") and 42 U.S.C. § 1983. Defendants Center Moriches Union Free School ("Center Moriches" or "District"), Russell J. Stewart ("Stewart"), Lynda Adams ("Adams"), Joe McHeffey ("McHeffey"), and Edward Caswell ("Caswell") (collectively

"Defendants") move for judgment on the pleadings pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(c). For the reasons that follow, Defendants' motion is denied.

## BACKGROUND

I.  Factual Background

According to Plaintiff's complaint, Plaintiff, born on August 2, 1954, was first hired by the Defendant District in 1985. She worked as a business teacher until 2004, when she went on maternity leave, returning in September 2008. From the early 1990s through 2004, she served as the business department chairperson, and again for the 2010-2011 school year. Over the years, she has taught some classes out of her subject area on the middle school and high school level. Her work record was exemplary.

In February 2011, Volpi was informed by the District Superintendent, Defendant Stewart, and the Deputy Superintendent, Defendant Adams, that she was receiving a "pink slip" and facing possible termination as a result of the elimination of the business department. See Declaration of Steven C. Stern ("Stern Dec."), Exhibit ("Ex.") B: "Pink slip" letter. Plaintiff was the oldest, most experienced and highest paid teacher of the thirty to forty teachers to receive a "pink slip."

In March 2011, Plaintiff met with Defendant Stewart to discuss the situation. She was told the business department, as well as all electives on the high school level, were being eliminated for budget reasons. Plaintiff asked if the board of education would take a contingency letter for her retirement, which she hoped to rescind if a full-time position was made available to her. She also offered to teach outside her subject area, but was advised that no such positions were available, since all elective positions were being eliminated. She was assured the business

department was going to be eliminated and no full-time positions were going to be available.[1] Motivated by the need to keep her health insurance, Plaintiff was forced to submit an "Intent of Possible Early Retirement" on or about March 22, 2011, and had until April 1, 2011 to submit her letter or lose her health benefits.

According to the complaint, ultimately the business department was not eliminated, nor were the other elective courses. Other younger teachers were retained by the District, including a younger teacher who replaced Plaintiff in the business department in a full-time position. As a result of being constructively discharged by forcing her early retirement, Plaintiff lost more than one-half of her pension.

Plaintiff complained to her superiors that she was being discriminated on the basis of her age, which complaint was not investigated. Plaintiff also complained to the Board of Education, which put the item on the agenda for a meeting, but no investigation was done or response ever given.

II.     Plaintiff's Complaint and the Motion to Dismiss

As stated above, Plaintiff claims that Defendants have discriminated against her on the basis of her age in violation of the ADEA and of equal protection protected by 42 U.S.C. § 1983. Defendants have submitted a motion for judgment on the pleadings, arguing that Plaintiff's equal protection claim under § 1983 should be dismissed; that the individual defendants are entitled to qualified immunity; and that there is no basis in law or fact for punitive damages.

---

[1] Available part-time positions constituted a forty percent (40%) pay cut.

## DISCUSSION

I.   Standards on Motions to Dismiss

A motion to dismiss under Rule 12(c) for judgment on the pleadings applies the same standards as those that apply to a motion under Rule 12(b)(6). Jenn-Ching Luo v. Baldwin Union Free School Dist., 2013 WL 6726899, *1 (2d Cir. 2013). All factual allegations are accepted as true, with all inferences to be drawn in favor of the plaintiff. Martine's Service Center, Inc. v. Town of Wallkill, 2014 WL 321943, *1 (2d Cir. 2014) (citations omitted). To survive the pleading stage, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," and must do more than conclusorily assert the elements of a cause of action. Schnitter v. City of Rochester, 2014 WL 494893, *1 (2d Cir. 2014), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

II.  The Present Motion

1. Plaintiff's Equal Protection Claim under 42 U.S.C. § 1983

Defendants assert that Plaintiff's § 1983 claim be dismissed, arguing that the ADEA preempts such age discrimination claims under 42 U.S.C. § 1983. Yet, the Second Circuit has not yet specifically ruled on this issue. See Butts v. NYC Housing Preservation and Development, 307 Fed.Appx. 596, 598, n.1 (2d Cir. 2009) (acknowledging "no opinion of this court" that the ADEA preempts age discrimination claims under the Equal Protection Clause and brought under 42 U.S.C. § 1983); Piccone v. Town of Webster, 511 Fed.Appx. 63, 64, n. 1 (2d Cir. 2013) ("It is an open question in our circuit whether the ADEA preempts age discrimination claims under Section 1983."); Weinstein v. Garden City Union Free Schools District, 2013 WL

-4-

5507153, *20, n. 3 (E.D.N.Y. 2013) (Second Circuit has not ruled in favor of preemption and "overwhelmingly" holds that § 1983 claims with ADEA claims are cognizable) (string citation omitted).

Defendants urge the Court to follow the lead of other circuits that have ruled that § 1983 claims are preempted by the comprehensive scheme created by the ADEA. See Defendants' Memorandum of Law, at 4-5. This Court declines to do so. The Second Circuit has consistently found that a plaintiff may bring a claim under § 1983, not to enforce rights conferred only by statute, but for distinct violations of a constitutional right. Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (permitting a Title VII plaintiff to bring a claim under § 1983 not to vindicate rights created by statute but for a distinct violation of a constitutional right), citing Gierlinger v. New York State Police, 15 F.3d 32, 34 (2d Cir. 1994) and Saulpaugh v. Monroe Community Hospital, 4 F.3d 134, 143 (2d Cir. 1993); see also Weinstein v. Garden City Union Free Schools District, 2013 WL 5507153, *20.

The Court is guided by the precedent of the Second Circuit and rejects Defendants' argument that the § 1983 claim is preempted by Plaintiff's ADEA claim. Plaintiff's complaint alleges her Equal Protection rights were violated when she, as the oldest teacher to receive a "pink slip," was informed that no full-time positions were available and forced to retire, when ultimately the younger teachers maintained full-time positions. Accepting these allegations as true, the complaint sufficiently alleges facts to substantiate an Equal Protection claim under § 1983 and Defendants' motion to dismiss is denied.

Defendants also argue that since Plaintiff's Equal Protection claim is based on age, which is not a suspect class, it should be likened to a "class of one" claim deemed inappropriate in the

public employment context by the Supreme Court in Enquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 128 S.Ct. 2146 (2008). Yet, Plaintiff does not allege that she is a "class of one," but that she suffered discrimination because of her age. In Enquist, the Supreme Court made clear that the Equal Protection Clause still applies to public employees, and that it "is implicated when the government makes class-based decisions in the employment context, treating distinct groups of individuals categorically differently." Id., at 605 (citations omitted). Thus, Defendants' reliance on this argument is misplaced.

2. Qualified Immunity

Defendants argue that the individual Defendants should be entitled to qualified immunity because there is a the lack of clarity in the Second Circuit on whether the ADEA preempts an Equal Protection claim. Qualified immunity protects an official from civil liability if their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Taravella v. Town of Wolcott, 599 F.3d 129, 133 (2d Cir. 2010) (internal quotations, citations omitted). When evaluating whether qualified immunity applies, the court must engage in a two-part inquiry: 1) whether the constitutional right has been violated; and 2) whether that right was clearly established at the time of the alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 230-231, 129 S.Ct. 808, 815-16, 172 L.Ed.2d 565 (2009). The sequence of this inquiry is left to the discretion of the judge undertaking the analysis. Id., 555 U.S. at 236, 129 S.Ct. at 818.

Defendants' argue that the preemption question is unclear and therefore Defendants are entitled to qualified immunity. But the proper question is not whether the ADEA preempts the claim, but whether Plaintiff had a clearly established constitutional right that was violated –

namely whether she had a constitutional right to be free from age discrimination. Plaintiff's complaint alleges she was misinformed, forced to retire, and otherwise treated in a manner different than her younger co-workers. If true, they sufficiently allege that a claim that she was discriminated against as a result of her age in violation of her Equal Protection rights. Defendants' motion to dismiss on the grounds of qualified immunity is therefore denied.

### 3. Punitive Damages

Defendants also move to dismiss Plaintiff's claim for punitive damages, claiming that punitive damages are unavailable under the ADEA and Plaintiff fails to allege facts to substantiate punitive damages for the § 1983 claim. Plaintiff responds that the claim for punitive damages is actually a claim for liquidated damages warranted by Defendants' wilful conduct. At this time, the Court finds that Plaintiff's complaint sufficiently alleges a claim for liquidated damages and denies Defendants' motion to dismiss this claim.

### CONCLUSION

For the reasons stated above, the Court hereby denies Defendants' motion for judgment on the pleadings in its entirety. Counsel are directed to appear for selection on June 23, 2014 at 9:30 am.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
March 24, 2014